34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hovannes GEDJEYAN, Defendant-Appellant.
Hovannes GEDJEYAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
 Nos. 92-50382, 93-55641.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided Aug. 12, 1994.
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges, and TANNER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 On January 7, 1992, Appellant Hovannes Gedjeyan's trial on charges of bank fraud, aiding and abetting bank embezzlement, conspiracy to commit bank fraud and possession of stolen bank funds began. At the close of evidence, Gedjeyan moved for acquittal on all counts. The district court denied the motion and the jury convicted Gedjeyan on all counts except for the aiding and abetting. On June 1, 1992, the district court sentenced Gedjeyan to 37 months, the low end of the range for someone with an offense level of 21 and a Criminal History of I, and fined him $10,000. Gedjeyan filed a timely notice of appeal of the sentence.
 
 
 4
 On June 19, 1992, Gedjeyan filed a petition for a writ of habeas corpus which the court denied after entering an order which treated the motion as a motion to vacate sentence under 28 U.S.C. Sec. 2255. Gedjeyan filed a timely notice of appeal from the denial of his motion to vacate. On March 22, 1994, we consolidated these appeals and today we affirm the district court's imposition of sentence and the denial of the motion to vacate.
 
 Motion to Vacate
 
 5
 Gedjeyan based his motion to vacate on the argument that he received ineffective assistance of counsel. He contends that his trial counsel did not understand the charges which were filed against him; that he erred by recommending that Gedjeyan not testify; that he unreasonably failed to object to a intent jury instruction on intention; and that he should have impeached one of the government's main witnesses. These arguments are without merit.
 
 
 6
 Gedjeyan argues that his counsel was ineffective because he attempted to show that the bank from which the checks were stolen would not actually have been defrauded, even though 18 U.S.C. Sec. 1344, the section prohibiting bank fraud, does not require that the checks be presented to the bank for there to be fraud. Apparently, Gedjeyan's counsel was trying to show that there was no threat of loss because the stolen checks were worthless. This strategy failed, but it was not unreasonable for counsel to take this approach, especially in the face of a strong government case.
 
 
 7
 Gedjeyan also contends that his counsel was ineffective because he recommended that Gedjeyan not testify. Although there is a factual dispute over whether counsel told Gedjeyan that he should not testify or simply explained the advantages and disadvantages of testifying to him, it is clear that the outcome of the trial would have been no different had Gedjeyan testified. All that he would have been able to offer would be his general denials and a story about how two men blackmailed his father, a story which would be easily impeached by an F.B.I. report. Gedjeyan failed to establish the prejudice necessary to show ineffective assistance of counsel.
 
 
 8
 Gedjeyan's argument concerning the jury instruction on intention is baseless. Jury Instruction No. 24 is a correct statement of the law on the intent to defraud, McNally v. United States, 483 U.S. 350, 358 (1987), and an objection to its use would have been futile.
 
 
 9
 Gedjeyan's final argument relating to the ineffective assistance of counsel is that his trial counsel failed to impeach Gedjeyan's nephew, Jack Kldjian, based on a preexisting dispute between the men. Although there is factual dispute as to whether Gedjeyan and his family informed trial counsel about the disagreement, we need not resolve the issue. Rather, we find that Gedjeyan did not demonstrate that the failure to impeach Kldjian changed the outcome of the trial. Trial counsel brought out at trial that Kldjian was receiving a lighter sentence for an unrelated crime in exchange for his testimony in the case. Trial counsel had strong impeachment evidence and he used it. The alleged family dispute would have been suspect, in part because the only evidence of it would have come from interested parties, namely Gedjeyan's immediate family.
 
 
 10
 Gedjeyan has failed to show that he received ineffective assistance of counsel.
 
 Failure to Hold an Evidentiary Hearing
 
 11
 Gedjeyan also contends that the district court erred by failing to hold an evidentiary hearing to consider his ineffective assistance of counsel claim. Because the district court may properly dismiss a motion to vacate without an evidentiary hearing if the allegations in the motion, when read with the record, fail to state a claim for relief, the district court did not abuse its discretion in denying the motion without an evidentiary hearing. As discussed above, Gedjeyan failed to demonstrate the prejudice necessary to support a claim of ineffective assistance of counsel. For the sake of analysis, the district court resolved all factual disputes in favor of Gedjeyan and still found that he could not state a claim. An evidentiary hearing would have served no purpose. The district court clearly did not abuse its discretion in choosing not to hold an evidentiary hearing.
 
 Sentencing Issues
 
 12
 Gedjeyan argues that the district court erred in sentencing due to its incorrect application of the amount of loss provisions, its failure to take outrageous government conduct into account, its double counting of Gedjeyan's leadership role and the more than minimal planning necessary for the offense and its failure to treat the offense as an attempt. These arguments all fail.
 
 
 13
 The amount of loss, outrageous conduct and double counting arguments are simply baseless. Gedjeyan's argument that Gedjeyan should receive a three-level reduction based on Sentencing Guideline Sec. 2X1.1 because his acts constituted an attempt is also baseless. Gedjeyan was convicted of bank fraud, not attempted bank fraud. The attempt provision in Sec. 2X1.1 does not apply. Gedjeyan also argues that the conspiracy provision, Sec. 2X1.1(c) should apply and that Gedjeyan's coconspirators' acts were such that he should receive the three-level reduction for a partially-completed substantive offense. However, Gedjeyan's base offense level was calculated from the bank fraud offense, not the conspiracy offense. U.S.S.G. Sec. 2X1.1 does not apply to this case and therefore the district court did not err in choosing not to reduce Gedjeyan's offense level by three levels.
 
 
 14
 For the reasons stated above, the district court's sentence and the denial of Gedjeyan's motion to vacate are AFFIRMED.
 
 
 15
 REINHARDT, Circuit Judge, concurring and dissenting.
 
 
 16
 I concur in the majority's disposition except for a single issue. I believe the district court should have granted an evidentiary hearing on the question of whether Gedjeyan's failure to testify might have affected the outcome of the trial. I fail to see how the district court could have made that determination merely by examining the record. Because a defendant's testimony has a particularly significant effect upon his trial, we accord the constitutional right to testify in one's own defense strong protection. As the Supreme Court has noted, "the most important witness for the defense in many criminal cases is the defendant himself." Rock v. Arkansas, 483 U.S. 44, 52 (1987). Accordingly, I would remand this question to the district court for an evidentiary hearing on the merits of Gedjeyan's claim.
 
 
 
 *
 Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3